IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

THOMAS ROGER LEWEY          :
                            :
        Plaintiff           :
                            :
    v.                      :   No. 3:CV-01-1363
                            :   (Judge Kosik)
THOMAS C. SKRUTSKI,         :
                            :
        Defendant           :



## DEFENDANT'S PRETRIAL MEMORANDUM

Date conference was held by counsel: October 3, 2002

A. Jurisdiction

Plaintiff claims his Fourth and Fourteenth Amendment rights were violated by defendant. The Court has jurisdiction by reason of 28 U.S.C. § 1343(a)(4).

B. Summary statement of facts and contentions as to liability.

On July 1, 1999, the plaintiff, Thomas Lewey, and his girlfriend, Lucille Van Auken, were drinking and got into an argument. Lewey grabbed Van Auken's arm, causing bruises, and then left the house. Van Auken called the police and Corporal Thomas Skrutski responded. While Corporal Skrutski was at the house, Lewey returned and was told by Corporal Skrutski to have a seat at the kitchen table. Lewey initially refused, but finally sat down. After requesting permission from Van Auken, Corporal Skrutski called the barracks for back up in

order to arrest Lewey. While they were waiting, Lewey said he was leaving and got up from the chair. Corporal Skrutski told him he was under arrest. Lewey returned to his chair, but refused to be handcuffed. After a period of time, Lewey attempted to leave and refused to obey verbal commands. Corporal Skrutski wrestled Lewey to the ground and handcuffed him. During this, Lewey got a cut on his lip. As he wrestled with Corporal Skrutski, Lewey had lost control of his bowels. Corporal Skrutski unhandcuffed Lewey and allowed him to go to the bathroom to clean himself up. When Lewey came out of the bathroom, Corporal Skrutski asked him if he wanted to go to the bathroom for the cut on his lip. Lewey refused. Corporal Skrutski again handcuffed Lewey and took him to his police car. Lewey was transported to the barracks and, after he was arraigned, to the Susquehanna County Jail. Lewey ultimately pled guilty to harassment and stalking as a result fo the incident involving Van Auken.

Plaintiff asserts claims for violations of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States. Plaintiff seeks compensatory and punitive damages.

Defendant contends that he is not liable to plaintiff pursuant to 42 U.S.C. §1983 and that the plaintiff is not entitled to any damages.

C. Statement of undisputed facts

To be provided by plaintiff's counsel.

D. Damages

Defendant maintains that plaintiff is not entitled to any damages.

E. Witnesses

Corporal Thomas Skrutski
Defendant

Thomas Lewey (as of cross)
Plaintiff

Lucille Van Auken
389 Franklin Street
Great Bend, PA  18821

William Bennett
Box 3420
Laceyville, PA  18623

Joanne Wiser
Susquehanna County Correctional Facility
7 Ellsworth Drive
Montrose, PA  18801

F. Expert witnesses.

Defendant will not call any expert witnesses.

G. Special comment about pleadings and discovery

None.

H. Legal issues and authorities

All claims that law enforcement officers have used excessive force to effect an arrest are governed by the "reasonableness" standard of the Fourth Amendment. Graham v. Connor, 490 U.S. 386, 395, 109 S.Ct. 1865, 1871 (1989). "[T]he 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer of the scene, rather than with the 20/20 vision of hindsight." Graham, 490 at 396, 109 S.Ct. at 1872. Additionally, "[t]he calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments--in circumstances that are tense, uncertain, and rapidly evolving--about the amount of force that is necessary in a particular situation." Graham, 490 at 396-7, 109 S.Ct. at 1872. Thus, in order to prevail on a claim that police officers used excessive force, a plaintiff must show that the officers behaved unreasonably; that a reasonable officer on the scene would have thought that the actions of the officers were unreasonable.

I. Stipulations desired.

1. The authenticity and admissibility of defendant's exhibits, without calling the custodians of those records as witnesses.

2. That copies may be introduced in lieu of originals.

J. Estimated number of trial days.

One to two days.

K. Any other matters pertinent to the case to be tried.

1. Defendant requests that trial in this matter be set for December 2002 or January 2003.

2. Defendant requests that the Court set a deadline for motions in limine.

L. Pursuant to Local Rule 16.3 append to this memorandum a prenumbered schedule of exhibits with brief identification of each, on the clerk's Exhibit Form.

Please see attached listing.

M. Append any special verdict questions which counsel desires to submit.

Please see attached.

N. Statement regarding settlement authority

Please see attached statement.

O. Certificate must be filed as required under Local Rule 30.10 that counsel have met and reviewed depositions and videotapes in an effort to eliminate irrelevancies, side comments, resolved objections, and other matters not necessary for consideration by the trier of fact.

Counsel have conferred and do not believe any complications regarding deposition testimony will arise.

P. In all trials without a jury, requests for findings of both fact and law shall be submitted with this Memorandum as required by Local Rule 48.2.

Not applicable.

                                         **Respectfully submitted,**

                                         **D. MICHAEL FISHER**
                                         **Attorney General**

**BY:** *Lisa W. Basial*
             **LISA W. BASIAL**
             **Deputy Attorney General**
             **I.D. #71554**

             **GWENDOLYN T. MOSLEY**
             **Senior Deputy Attorney General**

             **SUSAN J. FORNEY**
             **Chief Deputy Attorney General**
             **Chief, Litigation Section**

             **Counsel for Defendants**

**Office of Attorney General**
**15th Floor, Strawberry Square**
**Harrisburg, PA  17120**
**(717) 787-7157**

**DATE:  October 4, 2002**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

THOMAS ROGER LEWEY                :
                                  :
        Plaintiff                 :
                                  :
    v.                            :    No. 3:CV-01-1363
                                  :    (Judge Kosik)
THOMAS C. SKRUTSKI,               :
                                  :
        Defendant                 :

## STATEMENT PURSUANT TO SECTION N
## OF PRETRIAL MEMORANDUM

LISA W. BASIAL, Deputy Attorney General for the Commonwealth of Pennsylvania, hereby certifies that on October 3, 2002, she contacted the Pennsylvania State Police Office of Chief Counsel regarding availability of the person with settlement authority by telephone for the pre-trial conference. It is anticipated that he will be available by telephone during the pre-trial conference.

*Lisa W. Basial*
LISA W. BASIAL
Deputy Attorney General
I.D. No. 71554

# CLERK'S EXHIBIT LISTING

Judge Kosik

**Abbreviated Name of Case:** <u>Lewey v. Skrutski</u>

**Case No. M.D. Pa. No. 3:CV-01-1363**

**Name of Party submitting this list: Defendant**

| Exhibit No. | Description of Object or Item | Document Dated | Identified in Court | Date Admitted | Witness on Stand |
|---|---|---|---|---|---|
| 1. | Incident Report R5-0379761 | | | | |
| 2. | Susquehanna County Jail records | | | | |
| 3. | Transcript of Hearing - November 19, 1999 | | | | |
| 4. | Transcript of Hearing - January 20, 2000 | | | | |
| 5. | Deposition transcripts may be offered where appropriate | | | | |
| 6. | All of plaintiff's exhibits | | | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

THOMAS ROGER LEWEY          :
                            :
        Plaintiff           :
                            :
    v.                      :   No. 3:CV-01-1363
                            :   (Judge Kosik)
THOMAS C. SKRUTSKI,         :
                            :
        Defendant           :

## CERTIFICATE OF SERVICE

LISA W. BASIAL, Deputy Attorney General for the Commonwealth of Pennsylvania, hereby certifies that on October 4, 2002, the undersigned caused to be served the foregoing Defendant's Pretrial Memorandum, by depositing same in the United States Mail, postage prepaid, and addressed as follows:

> Charles M. Watkins, Esquire
> Paul R. Ober & Associates
> 234 North Sixth Street
> Reading, PA  19601

*Lisa W. Basial*
LISA W. BASIAL
**Deputy Attorney General**
I.D. No. 71554